**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>One Glock 19 Generation 5, 9mm Caliber Pistol, Serial Number BZNB982; One 33 Round Extended Magazine; and 34 Rounds of 9mm Ammunition,<br><br>Defendants. | No. CV-24-00566-TUC-EJM<br><br>**REPORT AND RECOMMENDATION** |

Currently pending before the Court is Plaintiff United States of America's Motion for Default Judgment for Forfeiture (Doc. 14). When a United States Magistrate Judge has the incomplete consent of the Parties, General Order 21-25 directs this Court to prepare a Report and Recommendation to the appropriate designee in either Tucson or Phoenix/Prescott. Accordingly, the Court directs this Report and Recommendation to the Honorable Raner C. Collins. The Magistrate Judge recommends granting Plaintiff's motion.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On November 25, 2024, the United States brought this civil forfeiture action *in rem* pursuant to 21 U.S.C. 881(a)(11).[1] Compl. (Doc. 1-3). The Government alleges that "the

---

[1] 18 U.S.C. 881(a) provides, in relevant part that:
The following shall be subject to forfeiture to the United States and no property

defendant fairearm, magazine, and ammunition was used or intended to be used to facilitate controlled substance violations of Title 21, United States Code, Sections 841(a)(1) and 846[.]" Compl. (Doc. 1-3) at ¶ 5.  The allegations are supported by an affidavit of United States Drug Enforcement Administration ("DEA") Special Agent Ryan O'Callaghan. *See id.*; *see also* O'Callaghan Amended Aff. (Doc. 15-1).

DEA Special Agent O'Callaghan attests that on the afternoon of June 24, 2024, agents observed an individual walking out of room 120 of the Stone Inn located at 1248 North Stone Avenue in Tucson, Arizona. O'Callaghan Amended Aff. (Doc. 15-1) at ¶ 6. The agents approached the individual. *Id.* After speaking with the agents, the individual admitted that he had fentanyl pills and methamphetamine on his person and indicated that it had been purchased from a male subject in room 120 of the Stone Inn. *Id.* The agents obtained a telephonic search warrant from room 120 of the Stone Inn. *Id.* at ¶ 7. The agents executed the warrant on the room and Luis Loreto, who resided there. *Id.* During the room search, agents found and seized approximately 750 light-blue M-30 fentanyl pills and approximately 420 grams of crystal methamphetamine, as well as three (3) firearms, including a fully loaded Glock 19 with a 33-round extended magazine, plus one round in the chamber ready to fire. O'Callaghan Amended Aff. (Doc. 15-1) at ¶ 7. A subsequent records search indicated that Mr. Loreto had been convicted of a felony in Pima County, and at the time of the seizure, his right to possess a firearm had not been restored. *Id.*; *see*

---

right shall exist in them:

> (1) All controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of this subchapter.
>
> (2) All raw materials, products, and equipment of any kind which are used, or intended for use, in manufacturing, compounding, processing, delivering, importing, or exporting any controlled substance or listed chemical in violation of this subchapter.
>
> \* \* \*
>
> (11) Any firearm (as defined in section 921 of Title 18) used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1) or (2) and any proceeds traceable to such property.

*also Arizona v. Luis Archie Loreto*, Case No. CR20212168, Docket (Pima Cnty. Super. Ct. Jan. 5, 2022). On June 27, 2024, a law enforcement database search for the serial number of the Glock 19 (BZNB982) indicated that the weapon had not been reported stolen and that Mr. Loreto was not the rightful owner. O'Callaghan Amended Aff. (Doc. 15-1) at ¶ 8. DEA Special Agent O'Callaghan attests that "[t]he seized firearm, magazine, and ammunition constitute[] property that was used or was intended for use to facilitate the transportation, sale, receipt, possession, or concealment of narcotics committed in violation of Title 21, United States Code, Section 841(a)(1), Distribution and Possession With Intent to Distribute Controlled Substances, and Title 21, United States Code, Section 846, Conspiracy to Commit Distribution of Controlled Substances. *Id*. at ¶ 4.

On November 29, 2024, the Government gave notice of the Complaint for Forfeiture, Warrant of Arrest *in Rem*, and Notice of Forfeiture Action to Richard Leeth, III, a putative claimant, via certified mail, return receipt requested. Not. of Mailing (Doc. 9). Pursuant to Rule G(4) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, the Government published notice of this civil forfeiture action from November 27, 2024, through December 26, 2024. Not. of Publ. (Doc. 10).

Neither Mr. Leeth, nor any other person, entered an appearance or filed a responsive pleading in this matter, as required by Rule G(5) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and Section 983(a)(4), Title 18, United States Code. *See* CM/ECF Docket (last visited June 9, 2025). On February 4, 2025, the Government filed an Application to Clerk for Entry of Default as to Richard Leeth, III (Doc. 11). On February 7, 2025, the Clerk of Court entered Default pursuant to Rule 55(a), Federal Rules of Civil Procedure, against Defendants. *See* Clerk's Entry of Default (Doc. 12). On February 11, 2025, the Clerk of Court entered and Amended Default to reflect entry against Richard Leeth, III, the putative claimant. *See* Amended Clerk's Entry of Default (Doc. 13). No responses have been filed.

. . .

. . .

## II. ANALYSIS

Rule 55, Federal Rules of Civil Procedure, provides for the entry of default judgment by the Court. Fed. R. Civ. P. 55(b)(2). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). After entry of default by the Clerk of the Court pursuant to Rule 55(a), Federal Rules of Civil Procedure, the Court may grant default judgment pursuant to Rule 55(b)(2). *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (discussing the two-step process required by Rule 55). In exercising its discretion whether to grant default judgment, the Court may consider the following factors:

> (1) the possibility of prejudice to the plaintiff[;] (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint[;] (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect[;] and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471–72 (citations omitted). Upon entry of default by the Clerk, the general rule is that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (citations omitted). Therefore, Plaintiff is "required to provide proof of all damages sought in the complaint." *PepsiCo, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002).

### 1. *Eitel* Factors

#### a. Possibility of Prejudice to the Plaintiff

With respect to the first *Eitel* factor, the Government would suffer prejudice if the default judgment is not entered, because it would otherwise be without recourse for recovery. *PepsiCo, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002). The Government provided notice of this action to the only known potential claimant. Neither the potential claimant, nor any other individual, answered or otherwise responded to contest the forfeiture. As such, the Court finds that this first *Eitel* factor

weighs in favor of the Government.

### b. Substantive Merits and Sufficiency of the Complaint

The second and third *Eitel* factors are interrelated and shall be considered in tandem. These factors support default judgment where a movant "state[s] a claim on which [it] may recover." *PepsiCo, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002) (citations omitted); *see also Danning v. Lavine*, 572 F.2d 1386, 1388–89 (9th Cir. 1978). The Government brought this action pursuant to Section 881(a)(11), Title 18, United States Code. This section provides for forfeiture of "[a]ny firearm . . . used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of property . . . [related to the unlawful manufacturing, distribution, dispensing, or acquisition of controlled substances] and any proceeds traceable to such property." The seized property at issue here was found in a hotel room along with 750 light-blue M-30 fentanyl pills and approximately 420 grams of crystal methamphetamine, both of which are schedule II controlled substances.

Under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), the Government must prove by a preponderance of the evidence that the defendant property is subject to forfeiture. *United States v. $1,106,775.00 in United States Currency*, 131 F.4th 710, 720 (9th Cir. 2025) (citing 18 U.S.C. § 983(c)(1)). The allegations in the Complaint and the affidavit of DEA Special Agent O'Callaghan establish probable cause that the Defendant Firearm, Magazine, and Ammunition are traceable to the illegal distribution of controlled substances. The Court finds sufficient facts to support the violations alleged and the substantive merits favor the Government. As such, the second and third factors favor default judgment.

### c. Amount of Money at Stake

The fourth *Eitel* factor directs the Court to consider the amount of money at stake in relation to the seriousness of Defendants' conduct. *Eitel*, 782 F.2d at 1471–72. "If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored." *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071

(D. Ariz. 2006). "[W]here[,] [however,] the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Board of Trustees v. Core Concrete Const., Inc.*, No. C 11-02532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012) (citations omitted); *see also NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016) (upholding district court's finding that NewGen sought "contractual damages directly proportional to [Safe Cig]'s breach of the contracts" and therefore the amount of money at stake did not bar default judgment). Here, Government seeks the firearm, magazine, and ammunition that were seized. *See* Compl. (Doc. 1). Taking the allegations in the Complaint (Doc. 1-3) as true, as well as the affidavit of Special Agent O'Callaghan (Doc. 15-1), there is sufficient evidence to support that the property was used or intended to be used to facilitate controlled substance violations of Title 21, United States Code, Sections 841(a)(1) and 846. Moreover, the only known potential claimant did not respond to the Complaint or challenge the reasonableness of the seizure. As such, the fourth *Eitel* factor weighs in favor of default judgment.

### d. The Possibility of a Dispute Concerning Material Facts

The fifth *Eitel* factor contemplates the possibility of a dispute concerning material facts. Upon entry of default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (citations omitted). The Mr. Leeth, the only known putative claimant, has had more than an ample amount of time to defend against the Government's claims, yet has failed to do so. Based on the evidence before the Court, there are no disputed issues of material fact which would preclude default judgment. *PepsiCo*, 238 F. Supp. 2d at 1177.

### e. Whether Default Was Due to Excusable Neglect

The sixth *Eitel* factor considers whether the default was due to excusable neglect. On November 29, 2024, Mr. Leeth was served with notice of the Complaint for Forfeiture, Warrant of Arrest *in Rem*, and Notice of Forfeiture Action. Not. of Mailing (Doc. 9). The Government also published notice of this civil forfeiture action from November 27, 2024,

through December 26, 2024.  Not. of Publ. (Doc. 10).  There is no evidence before this Court to indicate that Mr. Leeth's failure to answer or otherwise respond to the Government's complaint is due to excusable neglect and a substantial amount of time has passed since he was notified of this action.  As such, this factor favors entry of default judgment.

### f. Public Policy Favoring Decisions on the Merits

The seventh *Eitel* factor involves "the strong public policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."  *Eitel*, 782 F.2d at 1472.  This concept, however, is not an absolute.  Rule 55(a), Federal Rules of Civil Procedure, specifically contemplates "termination of a case before hearing the merits . . . whenever a defendant fails to defend an action."  *PepsiCo, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002).  Thus, despite the strong public policy in favor of decisions on the merits, cases such as this make "a decision on the merits impractical, if not impossible."  *Id.*  The Court finds that this factor does not outweigh the other *Eitel* factors discussed above.  *See Tolano v. El Rio Bakery*, No. CV-18-00125-TUC-RM, 2019 WL 6464748, at *6 (D. Ariz. Dec. 2, 2019).

### 2. Conclusion

After consideration of the *Eitel* factors, the Court finds it appropriate to grant default judgment.

### III. RECOMMENDATION

For the reasons delineated above, the Magistrate Judge **RECOMMENDS** that the District Judge enter an Order **GRANTING** the Government's Motion for Default Judgment for Forfeiture (Doc. 14).

**IT IS FURTHER RECOMMENDED** that the District Judge enter an Order that all right, title, and interest in the defendant firearm, magazine, and ammunition is hereby condemned, forfeited to, and vested in the United States of America and shall be delivered to the custody of the Drug Enforcement Administration or the United States Marshals

Service for disposition according to law.

Pursuant to Section 636(b), 28 U.S.C., and Rule 72(b)(2), Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served. Fed. R. Civ. P. 72(b)(2). No replies shall be filed unless leave is granted by the District Court.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review.

Dated this 7th day of July, 2025.

_____
Eric J. Markovich
United States Magistrate Judge